UNITED STATES DISTRICT COURT
DISTRICT COURT OF NEW HAMPSHIRE

_____
AMICA MUTUAL INSURANCE COMPANY   )
As Subrogee of ROBERT E. SICARD, )
    *Plaintiff,*                  )
                                 )
v.                               )   Docket No. 1:18-cv-622
                                 )
CLORE AUTOMOTIVE, LLC,           )
    *Defendant.*                  )
_____)

## COMPLAINT AND JURY DEMAND

1. Plaintiff Amica Mutual Insurance Company as subrogee of Robert E. Sicard (hereinafter "Amica" or "Plaintiff") is a mutual insurance company authorized to do business in the State of New Hampshire with principal regional office located at 5 Chenell Drive in Concord, Merrimack County, New Hampshire.

2. Defendant, Clore Automotive, LLC (hereinafter "Clore" or "Defendant") is a foreign profit Limited Liability Company organized and existing under the laws of the State of Kansas, with its Headquarters in 8735 Rosehill Road, Suite 220, Lenexa, Kansas 66215, and its principal place of business at 8600 NE Underground Drive, Pillar 248, Kansas City, Missouri 64161.

## JURISDICTION & VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 via 15 U.S.C. §2310(d), the Magnusson-Moss Warranty Act, as Plaintiff is seeking damages in excess of $50,000.00.

4. This Court has further jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

5. Venue in New Hampshire is proper because Plaintiff, Plaintiff's subrogor, and the events which give rise to this action all reside or occurred in New Hampshire.

## GENERAL ALLEGATIONS

6. At all times relevant and all times hereinafter mentioned, Robert E. Sicard (hereinafter the "Subrogor") was the owner of a one story residential dwelling located at 52 Cat Hole Road, Claremont, Sullivan County, New Hampshire (hereinafter the "Property").

7. At all times relevant and all times hereinafter mentioned, Plaintiff insured the Subrogor and Property pursuant to a homeowner's policy No. 67052822GC.

8. On or before July 2, 2016, the Subrogor purchased a Clore Solar Battery Charger, Model No. 1060C (hereinafter "Solar Battery Charger") that was designed, manufactured, distributed and/or sold by the Defendant.

9. On July 2, 2016 the Solar Battery Charger caused a fire at the Property, leading to significant property damage, including the destruction and damage of real and personal property (hereinafter the "Incident").

10. The Incident and the ensuing damages were directly and proximately caused by the negligence and breaches of warranties of the Defendant, its agents, servants and employees.

11. The Incident caused damage and destruction, including the loss of use thereof, to the real and personal property of the Subrogor in the amount of $482,139.99, all to the financial damage, loss, and detriment of the plaintiff, Amica.

## **COUNT I – NEGLIGENCE**

12. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 11 above, as if expressly rewritten and set forth herein.

13. The aforesaid Incident and the resulting damages to the Plaintiff were directly and/or proximately caused by the negligence and breaches of duties owed by Defendant, its agents, servants, and employees, including but not limited to the following:

    a. Failing to properly and safely design, manufacture, distribute and/or sell the subject refrigerator;

    b. Placing into the stream of commerce an unreasonably dangerous product;

    c. Failing to warn of the existence of dangerous conditions, i.e. the risk of fire from the Solar Battery Charger;

    d. Designing, manufacturing, distributing, and/or selling a product which posed a risk of fire during normal use;

    e. Failing to comply with applicable federal, state, and/or local regulations, statutes and/or ordinances regarding manufacturing battery chargers such as the Solar Battery Charger; and

    f. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will adequately compensate Plaintiff for its losses, together with interest and costs.

### COUNT II – VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT, 15 U.S.C. §2301 *et seq* – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

14. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 13 above, as if expressly rewritten and set forth herein.

15. The subject Solar Battery Charger was a "consumer product" as that term is defined by 15 U.S.C. §2301(1).

16. Plaintiff, Amica, standing in the shoes of its subrogor, is a "consumer" as that term is defined by 15 U.S.C. §2301(3), and Plaintiff's subrogor utilized the subject Solar Battery Charger for personal and household use and not for resale or commercial purposes.

17. Clore is a "warrantor" and "supplier" as those terms are defined by 15 U.S.C. §2301(4) and (5).

18. Clore impliedly warranted the subject Solar Battery Charger, and the Plaintiff's subrogor was provided with and/or the beneficiary of those warranties.

19. The Solar Battery Charger was defective and was sold by Defendant while it was not substantially free of defects.

20. Plaintiff's subrogor relied upon Clore's implied warranties in purchasing and/or operating the subject Solar Battery Charger.

21. As a direct and proximate result of Defendant's sale of the defective subject Solar Battery Charger, the Incident occurred and Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will adequately compensate Plaintiff for its losses, together with interest and costs.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

1. Enter a judgment against Defendant declaring that Defendant is legally and financially responsible for the damages that Plaintiff sustained or incurred;

2. Award Plaintiff compensatory damages against the Defendant in an amount equal to the damages he has incurred and suffered;

1164461.2

3. Award Plaintiff costs of suit, including attorneys' and expert witness fees;

4. Award those damages permitted under 15 U.S.C. §2301 et seq.;

5. Award Plaintiff interest, including, but not limited to, pre-judgment interest; and

6. Fashion such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

                                      Respectfully submitted,
                                      Plaintiff,
                                      By its attorney,

DATED: July 10, 2018

                                      */s/BrettRCorson*
                                      Brett R. Corson, Bar No. 264844
                                      bcorson@sloanewalsh.com
                                      SLOANE & WALSH, LLP
                                      15 Constitution Drive Suite 100
                                      Bedford, NH 03110
                                      (603) 324-7134

                                      ***Please direct all mail to Boston:***
                                      Sloane & Walsh, LLP
                                      One Center Plaza, 8th Floor
                                      Boston, MA 02108

1164461.2